IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE CAMERON MCALPINE | : |
| | : No. 5:09-cv-03620 |
| Plaintiff, | : |
| v. | : Honorable James Knoll Gardner |
| | : |
| AMTRAK (NATIONAL RAILROAD PASSENGER CORPORATION) | : |
| | : |
| Defendant. | : |

### THE PLAINTIFF'S RESPONSE TO THE DEFENDANT'S SUMMARY OF FACTS AND THEORIES ON LIABILITY AND DAMAGES

The Defendant's summary (Document No. 45) asserts that there are only two issues before the Court at trial. At the outset, the Court has already held in its decision denying the Defendant's summary judgment motion that there are actually four issues before the Court. *See* Order dated February 28, 2011, at fn. 2. As such, the Plaintiff objects to the Defendant's summary in this regard.

The Plaintiff also specifically responds to the two issues outlined by the Defendant. The first issued noted by the Defendant is whether the Plaintiff was discriminated against under the ADA when he returned from medical leave in 2006. The Plaintiff testified at his deposition that upon his return from disability leave, he informed his supervisor, David Herendeen, that as a result of his disability, he was having a very hard time with reading, writing, arithmetic, putting words together, building complete sentences and having complete thoughts. The Plaintiff further testified that upon his return from this leave, Mr. Herendeen told him that he was "not the same person." At his deposition, Mr. Herendeen admitted that he "may have" told the Plaintiff he was not the same person.

Mr. Herendeen testified that following the Plaintiff's return from disability leave, he believed that the Plaintiff was not capable of performing his job assignments. Mr. Herendeen admitted to treating the Plaintiff differently when he returned from disability leave by giving him different assignments. These assignments involved isolating the Plaintiff, where he would not be around other people. Even though the Plaintiff did not request this differential treatment, Mr. Herendeen did it anyway. Mr. Herendeen further testified that the new assignments were given to the Plaintiff as a result of his limitations.

Accordingly, there is no question that Mr. Herendeen regarded the Plaintiff as disabled and subjected him to discrimination as a result.

The second issue noted by the Defendant is whether the Plaintiff was terminated because of his disability. Although the Defendant claims that the Plaintiff was terminated as a result of alleged excessive absenteeism, there is ample reason to disbelieve the Defendant's purported legitimate, non-discriminatory reason for the Plaintiff's termination. Although Mr. Herendeen alleged that the Plaintiff had a history of absences prior to being placed on probation, he admitted that he never raised these issues on the Plaintiff's performance reviews. Thus, the Defendant's alleged non-discriminatory reason for the Plaintiff's termination is not worthy of belief. According to the Defendant, the Plaintiff allegedly previously had attendance issues, yet it was not important enough to note on the Plaintiff's performance reviews. Suddenly, in June of 2008, these attendance issues become important enough such that it is the Defendant's proffered reason for the Plaintiff's termination after over 33 years of service.

Mr. Herendeen's testimony that the Plaintiff "wasn't around" and that "people were looking for him" is also not worthy of belief. When asked who these "people" were, Mr. Herendeen was only able to name his secretary and his supervisor, Michael Rienzi. Yet, Mr.

Rienzi testified at his deposition that he never told Mr. Herendeen that he was looking for the Plaintiff or that he couldn't find him.

For the foregoing reasons, it is respectfully submitted that based upon the facts of this case and the applicable law, the Plaintiff has adduced sufficient evidence that his termination violated the ADA. Accordingly, the Plaintiff should be awarded damages as outlined in his contentions regarding damages (Document No. 46).

                                    Respectfully submitted,

                                    KOLMAN ELY, P.C.

By:    /s/Adam C. Lease, Esquire   ACL8395
        Adam C. Lease, Esquire
        Attorneys for Plaintiff
        414 Hulmeville Avenue
        Penndel, PA 19047
        Phone: (215) 750-3134
        Fax:   (215) 750-3138

March 3, 2011